IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY F. DURDEN,

    Petitioner,                    No. 2:11-cv-2480 DAD P

    vs.

UNKNOWN,

    Respondent.                 ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a second amended petition for a writ of habeas corpus. In accordance with the court's May 3, 2012 order, petitioner has filed an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary

1

dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

In his second amended petition, petitioner challenges his 2010 conviction for failure to register as a sex offender. According to the allegations of the petition, the El Dorado County Superior Court sentenced petitioner to four years in state prison after a jury found him guilty of the failure to register charge. Petitioner claims that he received ineffective assistance of counsel throughout his court proceedings. Petitioner acknowledges on the form petition that he did not appeal from his judgment of conviction nor did he file any petitions, applications, or motions challenging that judgment. (Pet. at 2-5.)

## DISCUSSION

Exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Exhaustion may only be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. Thus, state courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276

(1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).

Here, petitioner acknowledges on his form habeas petition filed in this court that he has not previously presented the claims set forth in his pending federal petition to any state court. (Pet. at 3.) Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, petitioner's claims are unexhausted and will be dismissed without prejudice.[1]

**OTHER MATTERS**

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). For the reasons set forth above, the court declines to issue a certificate of appealability in this case.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 25) is granted;

2. Petitioner's second amended petition for writ of habeas corpus (Doc. No. 22) is dismissed without prejudice for failure to exhaust state court remedies;

3. A certificate of appealabilty is not issued in this action; and

4. This action is closed.

DATED: June 21, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
durd2480.156

---

[1] Petitioner previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See Doc. No. 3.)